UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
SHAWN M. THOMAS, : Case No. 1:17-CV-794
:
       Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 53, 54, 61]
KAREN SLUSHER, *et al.*, :
:
       Defendants. :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Shawn M. Thomas, currently an Ohio prisoner, alleges that a number of state prison employees, as well as Aramark Correctional Services, LLC, violated his constitutional rights, the Fair Labor Standards Act ("FLSA"), and Ohio law.[1] The Court previously dismissed all of Thomas's claims except for his allegation that bird droppings and feathers contaminated his prison food, and his First Amendment retaliation claim against Defendant Walker-Williams.

    The Defendants now move for summary judgment on Thomas's remaining claims.[2] Thomas has not opposed their summary judgment motions. Thomas has moved to strike some language from Defendants' summary judgment motion.[3]

    For the following reasons, the Court **GRANTS** Defendants' motions for summary judgment. The Court **DENIES** Plaintiff's motion to strike.

    Thomas's remaining claims involve two separate events.[4] In the first, Thomas alleges that state prison employees and Defendant Aramark maintained "a chow hall subject to avians and avian (bird) disease, waste, bird feathers falling from above and feces" in violation of the Eighth

---
[1] *See generally* Doc. 1.
[2] Doc. 53 (State Defendants Walker-Williams and Yockey); Doc. 54 (Aramark).
[3] Doc. 61.
[4] A more detailed factual background of all of Thomas's complaints can be found in Doc. 39.

1

Amendment.[5] In the second, Thomas alleges that Defendant Walker-Williams retaliated against him because he engaged in protected First Amendment litigation and religious activities.[6]

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[7] The Court views the facts and all reasonable inferences from those facts in favor of the non-moving party.[8]

If a motion for summary judgment goes unopposed, a reviewing court is not required to "conduct its own probing investigation of the record" and may properly rely on the facts provided by the moving party.[9] A court is only required to "intelligently and carefully review the legitimacy of such an unresponded-to motion" in order to determine whether the movant has met his or her initial burden.[10]

The Prison Litigation Reform Act requires that prisoners fully exhaust intra-prison grievance procedures before filing a lawsuit in court.[11] Although Thomas apparently filed an initial grievance about birds in the chow hall and a feather falling in his food,[12] Thomas did not appeal the prison's grievance denial.[13] Thomas therefore only completed step one of the prison's three-step grievance procedure and Thomas has not exhausted this claim.

Further, there is no reason to excuse Thomas's failure to exhaust.[14] The prison grievance procedure was available and functional for Thomas, as shown by the numerous grievances Thomas

---

[5] Doc. 1 at ¶ 69.
[6] *Id.* at ¶¶ 47-56; 96-99(a).
[7] *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).
[8] *Killion*, 761 F.3d at 580 (internal citations omitted).
[9] *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).
[10] *Id.*; *see also Allstate Ins. Co. v. Das*, 86 F. Supp. 3d 716, 724-25 (E.D. Mich. 2015).
[11] *See Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (citing 42 U.S.C. § 1997e(a)).
[12] Doc. 53-1 at ¶¶ 6-7.
[13] *Id.* at ¶ 8 (noting that Thomas only completed step one of the prison's three-step grievance procedure).
[14] *See Napier*, 636 F.3d at 222 (noting that when a prisoner fails to exhaust his administrative remedies, the only question becomes "whether the [prison] grievance procedure was 'available' to" the prisoner).

filed after his food contamination claim.[15] Because he failed to exhaust this claim, the Court **GRANTS** Defendants' motions for summary judgment on Thomas' food contamination claim.

Thomas does appear to have exhausted his First Amendment retaliation claim against Defendant Walker-Williams.[16] Nevertheless, Defendant Walker-Williams is entitled to summary judgment.

Thomas originally alleged that Defendant Walker-Williams moved him from a faith-based unit (Unit 5A) to a unit filled with "dangerous, gang-related and predator inmates" (Unit 4A) in retaliation for Thomas's religious and litigation activities.[17] But Defendant Walker-Williams testifies that she moved Plaintiff from Unit 5A to Unit 4A only after other inmates complained about Plaintiff being in another inmate's bed area during evening hours.[18] Walker-Williams confirmed these complaints by viewing Unit 5A camera footage, and then she moved Plaintiff.[19] This was a legitimate, non-retaliatory reason for Defendant Walker-Williams' actions.[20] The Court therefore **GRANTS** summary judgment to Defendant Walker-Williams on this claim.

Thomas' motion to strike also fails. The facts underlying his conviction and the length of his sentence are both relevant to defenses that Defendants have raised in this suit.

For those reasons, the Court **GRANTS** Defendants Walker-Williams and Yockey's motion for summary judgment and **GRANTS** Defendant Aramark's motion for summary judgment. The Court

---

[15] *See* Doc. 53-1 at ¶¶10-11.
[16] *See id.* at ¶ 10.
[17] *See* Doc. 1 at ¶¶ 47-56.
[18] Doc. 53-3 at ¶ 7.
[19] *Id.*
[20] *See, e.g.*, *Thaddeus-X v. Blatter*, 175 F.3d 378, 393-94 (6th Cir. 1999) (holding that a First Amendment retaliation claim can only be sustained when an adverse action is taken in part because of the protected conduct).

Case No. 1:17-cv-794
Gwin, J.

**DENIES** Thomas's motion to strike.

    IT IS SO ORDERED.


Dated: June 26, 2018                         *s/      James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE